AO 91 (Rev. 3/99) Criminal Complaint

**FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO**

# UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

DEC 2 6 2007

MATTHEW J. DYKMAN
CLERK

UNITED STATES OF AMERICA

v.

Chad ALTMAN

YOB: 1982

**CRIMINAL COMPLAINT**

CASE NUMBER: 07-MJ-2398

I, Phillip W. Fouts, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about December 6, 2007, in Bernalillo County, in the District of New Mexico, defendant(s) did, (Track Statutory Language of Offense)

(1) Damage or attempt to damage property, which affects interstate commerce, by means of fire or explosives.

In violation of Title 18 United States Code, Section(s) 844(i).

I further state that I am a Special Agent with the Bureau of Alcohol, Tobacco and Firearms and that this complaint is based on the following facts: Your Complainant, Phillip W. Fouts, being duly sworn, states that I am a Special Agent for the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives and have been so for over 8 years. In this capacity your Complainant routinely investigates violations of federal criminal statutes, to include violation of the federal arson laws, and has specifically investigated violations related to the damage or attempted damage or property, which affects interstate commerce, by means of fire or explosives. It is the request of your Complainant, that a Federal Arrest Warrant be issued for the above captioned individual, based on the following information, which your Complainant believes to be true and accurate (See 4 pages)

Continued on the attached sheet and made a part hereof:   X☐ YES   ☐ NO

_____
Signature of Complainant

Sworn to before me and subscribed in my presence,

December 26, 2007
Date

AT ALBUQUERQUE, NEW MEXICO
City and State

ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer

Robert H. Scott
Signature of Judicial Officer

Criminal Complaint - Continued

United States of America

v.

Chad ALTMAN
YOB: 1982

On December 6, 2007, at approximately 11:29 pm the Albuquerque Fire Department responded to a commercial structure fire at 801 Encino Place, N.E., Albuquerque, NM and specifically to the portions of the structure that housed the medical practice of Dr. Curtis Boyd.

On December 7, 2007, at approximately 12:15 am your Complainant was contacted by the Albuquerque Fire Department in reference to fire at a commercial structure located at 801 Encino Place, N.E., Albuquerque, NM. Your Complainant was contacted in order to assist in the origin and cause investigation.

Your Complainant determined that the fire at the above stated location was incendiary in nature. Further, your Complainant determined that an ignitable liquid had been introduced into the structure and was ignited by open flame.

Your Complainant collected multiple items of evidence from the fire scene and the area around the fire scene. The items of evidence collected included, a brown work glove located in the parking lot south of the structure, a plastic lighter, pieces of window glass, fire debris from inside the fire scene and three (3) large rocks/pieces of concrete.

The above referenced evidence was sent to ATF National Laboratory in Maryland for analysis. Preliminary results indicate that gasoline was present in the items collected from inside the fire scene, as well as on the brown work glove. Further, the work glove contains DNA. Laboratory analysis also led to the collection of a hair from the window glass.

At the direction of your Complainant, ATF Special Agents conducted a neighborhood canvass and located multiple witnesses to the fire. The witness statements describe that at approximately 11:00 pm there were two individuals on the west side of the structure located at 801 Encino Place, N.E. The individuals were wearing dark colored clothing and were attempting to break a window using a rock(s). After breaking the window, witnesses describe seeing fire coming from the structure at 801 Encino Place, N.E. Further, the witnesses describe seeing the two individuals get into a blue/green van and leave the scene.

Criminal Complaint - Continued

United States of America

v.

Chad ALTMAN
YOB: 1982

On December 12, 2007, your Complainant interviewed Victoria Urvanejo. Ms. Urvanejo is employed at New Mexico Educators Federal Credit Union. Ms. Urvanejo stated that one of her customers, Michael Akinyemi, advised her that one of his co-workers knew who was responsible for the fire at Dr. Curtis Boyd's office. Further, Ms. Urvanejo provided a copy of a photograph that showed the New Mexico license plate 741PBZ on a Ford Focus. The photograph had been given to Ms. Urvanejo by Mr. Akinyemi.

At your Complainant's direction, a computerized check was conducted on New Mexico license plate 741PBZ. The check revealed that the vehicle with that license plate was registered to Sergio BACA.

On December 18, 2007, your Complainant interviewed Michael Akinyemi. Mr. Akinyemi stated that he is employed at FedEx/Kinko's and one of his co-workers had information about the fire at Dr. Curtis Boyd's office. Mr. Akinyemi stated that he knew his co-worker as "Moon" because he could not pronounce the co-workers given name. Mr. Akinyemi stated that his co-worker stated that his roommate was responsible for the fire at Dr. Curtis Boyd's office. Mr. Akinyemi stated that he took a photograph of "Moon's" roommate's license plate when the roommate was at FedEx/Kinko's. Your Affiant showed Mr. Akinyemi of Sergio BACA and Mr. Akinyemi confirmed BACA was "Moon's" roommate.

On December 18, 2007, your Complainant interviewed Hamayun Sawar ("Moon"), the co-worker of Michael Akinyemi. Mr. Sawar stated that he was the roommate of Sergio BACA and had been living with BACA since December 6, 2007. Mr. Sawar stated that he did not know the address of BACA's apartment, but described it as the Tower Apartments located at Montgomery and San Mateo. Mr. Sawar stated that on December 6, 2007, while at BACA's apartment, a friend of BACA's came to the apartment. Mr. Sawar stated that he knew the friend to be Chad "LNU". Mr. Sawar described Chad "LNU" as being a white male and having a hairy beard. Mr. Sawar stated that BACA and Chad "LNU" left BACA's apartment at approximately 10:30 pm by climbing down the metal pipe on the exterior of BACA's apartment building. Mr. Sawar stated that BACA and Chad "LNU" arrived back at the apartment at approximately 11:30 pm. Mr. Sawar stated that BACA and Chad "LNU" climbed up a section of metal pipe on the southern exterior of the apartment building to gain access to BACA's balcony located on the second floor. Mr. Sawar stated that BACA advised him that they climbed the metal pipe in an effort to avoid the surveillance cameras present at the apartment building.

Criminal Complaint - Continued

United States of America

v.

Chad ALTMAN
YOB: 1982

Mr. Sawar stated that when he opened the sliding glass door to let in BACA and Chad "LNU" he smelled the odor of gasoline. Mr. Sawar stated that Chad "LNU" left shortly thereafter and utilized the hallway door to exit BACA's apartment.

Mr. Sawar stated that BACA later stated that he was responsible for the fire at Dr. Curtis Boyd's office and that the motivation for the fire was because BACA's former girlfriend was scheduled to have an abortion at Dr. Curtis Boyd's. Mr. Sawar also stated that BACA advised him that Chad "LNU" burned his facial hair during the fire and subsequently shaved off his beard. BACA also stated that Chad "LNU" dropped a glove at the fire scene because his hand was on fire. Mr. Sawar also stated that he saw a printed map with directions from BACA's apartment to Dr. Curtis Boyd's office. Lastly, Mr. Sawar stated that BACA advised him he had been to Dr. Boyd's office on either December 5 or 6, 2007, to retrieve pamphlets and literature regarding abortion and that BACA sent these items to his former girlfriend via the U.S. Mail

On December 18, 2007, your Complainant interviewed the former girlfriend of BACA. She stated that on or about December 5, 2007, she advised BACA of her pregnancy and her plans to terminate the pregnancy. The girlfriend stated that BACA was extremely upset about her decision. The girlfriend also stated that she provided the name of Dr. Curtis Boyd to BACA. The former girlfriend stated that BACA had a friend named Chad "LNU" who drives a blue van and works at Thrift Town in Albuquerque, NM. Lastly, the former girlfriend stated that on December 7, 2007, she received an envelope addressed from Dr. Curtis Boyd's office and that the envelope contained literature from Dr. Curtis Boyd.

On December 18, 2007, your Complainant went to Thrift Town located at 3900 Menaul Blvd., N.E., Albuquerque, NM. Your Affiant was able to determine that Chad "LNU" was Chad ALTMAN. Your Complainant conducted a computer search for Chad ALTMAN and determined that ALTMAN is the registered owner of a Plymouth Voyager van bearing New Mexico license plate number 465NNJ. The address used for the vehicle registration is 2415 Mervosh, S.W., Albuquerque, NM.

On December 18, 2007, your Complainant interviewed Sergio BACA. After a reading of his rights per *Miranda* and a valid waiver thereof, BACA stated that he had no involvement with the fire at Dr. Curtis Boyd's office. BACA stated that he did not have a girlfriend and that the last girlfriend he had was approximately four (4) months ago. BACA denied having access to a van. BACA stated that he did not know he was having a child. BACA stated that on December 6, 2007, he was probably at work.

Criminal Complaint - Continued

United States of America

v.

Chad ALTMAN
YOB: 1982

---

At the direction of your Complainant, Albuquerque Fire Department Lieutenant Gabe Blea contacted BACA's employer and learned that he called in sick on December 6, 2007.

On December 19, 2007, your Complainant interviewed Chad ALTMAN. After a reading of his rights per *Miranda* and a valid waiver thereof, ALTMAN stated that he had no involvement with the fire at Dr. Curtis Boyd's office. ALTMAN stated that he drives a green Plymouth Voyager van. ALTMAN asked your Affiant what kind of deal he would be offered by prosecutors.

On December 19, 2007, your Complainant viewed surveillance footage from the cameras located at 5400 Montgomery Blvd., N.E. and the footage never captures images of either BACA or ALTMAN until approximately 11:56 pm, when ALTMAN is seen on the second floor camera. ALTMAN proceeds to the first floor and toward the main exit. ALTMAN is fully bearded and is wearing a blue hooded sweatshirt.

On December 20, 2007, your Complainant contacted Joan Garbagni, the Clinical Director at Dr. Curtis Boyd's office. Ms. Garbagni stated that they receive medical supplies and medicine from out of state. Further, Ms. Garbagni stated that Dr. Boyd is a member of the National Abortion Federation and pays dues to the Federation in Washington, D.C.

Based on the aforementioned facts, Complainant believes that Chad ALTMAN, on December 6, 2007, damaged or attempted to damage property, which affects interstate commerce, by means of fire or explosives in violation of 18 U.S.C. §§ 844(i).

_____
Phillip W. Fouts
ATF Special Agent

Subscribed and sworn before me this **26** day of December 2007.

*Robert H. Scott*
_____
United States Magistrate Judge