**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.** **CRIMINAL NO. 08-144 JC**

**SERGIO BACA**

**Defendant.**

**DEFENDANT'S SENTENCING MEMORANDUM AND REQUEST FOR APPROVAL OF PLEA AGREEMENT PURSUANT TO RULE 11(c)(1)(C)**

The Defendant, Sergio Baca, by and through his attorney, J. Miles Hanisee of the Law Office of J. Miles Hanisee, LLC, respectfully submits this Sentencing Memorandum to assist the Court in determining the propriety of the sentence agreed to by the parties pursuant to F.R.Crim.P. 11(c)(1)(C). In light of the facts discussed herein, Defendant respectfully submits that the 46 month proposed sentence is consistent with the sentencing factors set forth in 18 U.S.C. § 3553, and the plea agreement in this case should be approved by the Court. As detailed below, despite the serious crime to which Defendant has admitted guilt, his positive history – including his youth and an utter absence of any prior criminal activity – speaks favorably to his rehabilitative capacity, and to the propriety of the limited diminution in sentence the United States has agreed is proper under the circumstances of this case. Defendant requests that the Court adopt the sentencing agreement of the parties, and that it impose the 46 month term of imprisonment required upon acceptance. Additionally, Defendant asks that the Court recommend his participation in the 500 drug and alcohol program, pursuant to the information

set forth in ¶¶ 59-60 of the Pre-Sentence Report ("PSR"). Restitution is mandatory, and Defendant expects that the Court will order restitution in the amount identified in the PSR at ¶ 90. In light of the significant level of restitution Defendant will work to pay off for many years, he asks that the Court not impose a fine.

## I. FACTUAL BACKGROUND

The PSR capably outlines the sequence of events related to the investigation in this case, Defendant's arrest, indictment, plea of guilty, as well as his and his co-defendant's activities which preceded those events. *See* PSR at ¶¶ 9-38. Suffice it to say, on January 7, 2009, Defendant, along with his co-defendant, pleaded guilty to an Information which separately charged them with Conspiracy To Commit Arson, in violation of 18 U.S.C. § 371. Pursuant to their actions, the healthcare clinic of Dr. Curtis Boyd was intentionally burned, and was declared a total loss. The nature of his offense is serious, created risk to the community and individuals within it, and must be punished. As is also set forth in the PSR, this crime earns significant consequences under the United States Sentencing Guidelines, which recommends that the Court sentence Defendant to somewhere between 37-46 months. *See* PSR at ¶ 75. The benefit to Defendant of the plea agreement in this case is that by accepting the high-end of the Guideline range pursuant to Rule 11(c)(1)(C), he was able to avoid a five-year statutory mandatory penalty which would this Court would have been required to impose had he been convicted on the Indictment at trial. *Id*. at 77. Pursuant to the plea agreement, the United States has agreed to dismiss that Indictment.

While not offered as an excuse for the situation Defendant created for himself and for which he must now answer, his personal background has bearing on the Court's consideration under 18 U.S.C. 3553(a), and was a component of the plea process that led to the agreement

submitted for the Court's approval. Briefly put, Defendant was 22 years old when he was arrested in this case. He is now 23 years old. He has been released from custody since January 2, 2008, has been employed most of that time, and has not violated his conditions of release. He has, in short, followed the directives of this Court and Pretrial Services, and all laws. In the days preceding this offense, Defendant had been informed of three facts of great significance to him: his girlfriend was pregnant, she intended to separate from him, and she planned to abort their unborn child. See PSR at ¶ 20. Without belaboring what is briefly set forth in the personal background data reported by the PSR at ¶ 20, and ¶¶ 54-60, Defendant became highly emotional. He recognized that he had no control over, or even the ability to participate in, the unilateral decision of his former girlfriend to terminate the pregnancy which he shared with her. Under the circumstances, he began to gather information about the planned abortion procedure, and sought to provide it to his former girlfriend and her family. He even mailed literature acquired from Dr. Boyd's facility to his former girlfriend's address. When he was informed by her that she was nonetheless going through with the planned abortion the following week, Defendant became increasingly depressed, and desperate, and committed the crime for which he now must answer in this Court.

Although it may seem otherwise based on the nature and location of his crime, his actions were not intended to be political in nature, and did not contemplate the consequent denial of civil rights of citizens. Rather, his actions simply amounted to a misguided effort to spare his conceived child from an abortion he did not wish to take place. Moreover, despite actions which were ill-thought and illegal, Defendant is quite capable intellectually. He has been articulate and remorseful about his predicament, and about the pain it has caused those that love him and those within the community he has injured. Since this emotional crime, he has been the same

productive member of society he was before the destructive sequence of events began to coalesce. As well, in addition to the requirements of Pre-trial Services and his conditions of release, he has sought and received mental health care and the advice of a personally chosen mental health specialist.

**II. DEFENDANT'S SENTENCING REQUEST**

Without comprehensively reiterating the oft-articulated sentencing factors set forth in 18 U.S.C. § 3553(a), to be considered along with advice given by the United States Sentencing Guidelines, Defendant's background – particularly his youth, absence of criminal history, and proven ability to be an employed and productive member of society, further support the plea agreement carefully reached in this case. As well, his personal background fortunately includes a very supportive family, which will provide needed emotional support during and following the period of incarceration the Court will impose. Defendant admittedly made a series of escalating, poor decisions which were serious, and which in the end culminated in an offense which endangered himself and others. The seriousness of this is not insignificant, and the need for punishment is certainly important. These sobering facts also belong within the § 3553 sentencing calculus. On balance, however, Defendant is deserving of some level of sentencing relief, which was attained in the plea agreement.

Based on the foregoing, Defendant respectfully requests that the Court accept the plea agreement made pursuant to F.R.Crim.P. 11(c)(1)(C). The 46 month sentence is reasonable, sufficiently but not unnecessarily punitive, and consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a).

Respectfully submitted,

Electronically filed: 06/05/09
J. Miles Hanisee

Attorney for Sergio Baca
201 13th Street NW
Albuquerque, NM 87102
(505) 243-1100

I hereby certify that a true and accurate copy of the foregoing Motion was electronically provided, pursuant to the Court's CM/ECF electronic filing system, to AUSA Rumuldo Armijo this 5th day of June, 2009.

Electronically filed: 06/05/09
J. MILES HANISEE

\\.psf\Home\Desktop\baca_sentmemo.wpd